Owen J. McKeon
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4500
Facsimile: (973) 596-0545

*Attorneys for Plaintiff*
*World Source Partners LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD SOURCE PARTNERS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BFG SUPPLY CO., LLC,<br><br>    Defendant. | Civil Action No.<br><br>*Document Electronically Filed*<br><br>**COMPLAINT** |

Plaintiff World Source Partners LLC ("World Source"), through its undersigned attorneys, for its complaint in this action alleges as follows:

**THE PARTIES**

1. World Source is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business at 9285 Commerce Highway, Pennsauken, New Jersey 08110.

2. Upon information and belief, Defendant BFG Supply Co., LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Indiana and having its principal place of business at 14500 Kinsman Road, Burton, Ohio 44021.

## JURISDICTION AND VENUE

3. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1041, *et seq.* and New Jersey state law.

4. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because World Source and Defendant are citizens of different states and the amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because Defendant has committed and threatens to commit trademark infringement and other torts in the United States and in this district; Defendant has caused injury to World Source and its property in the United Sates and in this district; and Defendant has purposely and directly targeted its activities at the United States and at this district.  Defendant's sales territory encompasses 23 states, including New Jersey, and upon information and belief, Defendant has marketed and sold and continues to market and sell its infringing products within New Jersey.  *See* **Exhibit A** (screenshots of Defendant's website, which identifies New Jersey as one of Defendant's service territories).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (c) because Defendant may be found in this district for purposes of personal jurisdiction as alleged herein.

## WORLD SOURCE'S TRADEMARK RIGHTS

8. World Source imports, markets, and distributes numerous products to retailers in the United States, Canada, and Mexico.

9. World Source is the exclusive North American supplier for Gardman USA, a wholly owned subsidiary of Gardman Limited (collectively "Gardman"), which offers a wide range of lawn and garden products. Gardman is known for its innovative, high quality and great value products, and has established itself as a key supplier to the independent garden center trade.

10. World Source and Gardman Limited are parties to an exclusive licensing agreement that provides World Source with the exclusive rights to sell products in the United States under the Gardman name.

11. World Source is the owner of common law rights in and to a family of R-formative trademarks that it and its predecessors-in-interest have used in United States commerce to identify the source of their gardening products since at least as early as 1996. Those marks include R582™, R583™, R584™, R585™, R587™, R590™, R594™, R596™, R597™, R877™, R878™, R879™, R885™, R890™, R891™, R894™, R981™, R982™, R989™, and R990™, (the "R-Marks"), all of which are used in connection with World Source's coco liner products. *See* **Exhibit B** (2013-2014 and 2012-2013 Product Catalog pages, reflecting usage of R-Marks).

12. Coco liners are planter liners made from the natural fibers from the husk of coconuts. They come in various shapes and sizes and are used as liners in planting troughs, hanging baskets, and other types of planters and containers.

13. The R-Marks are fanciful and in no way descriptive; rather, they function solely as trademarks for World Source's coco liner products.

14. World Source's R-Marks were created by combining the letter "R" with arbitrarily-selected three digit numbers—numbers which have no descriptive significance, such as to indicate product size, weight or capacity. The letter "R" was selected for the marks as it was the first letter of the name of Rainbow Garden Products, World Source's predecessor-in-interest.

15. Upon information and belief, other than Defendant's infringing use, no other manufacturer or distributor of coco liners in the United States uses World Source's R-Marks.

16. By virtue of the longstanding use and promotional efforts, the R-Marks have gained widespread recognition and have become distinctive as trademarks and to identify the source of the products in connection with which they are used.

17. By reason of more than eighteen (18) years of use, as well as the expenditure of millions of dollars for marketing and promotion, the R-Marks have developed substantial and valuable goodwill in the United States that belongs exclusively to World Source.

## DEFENDANT'S INFRINGEMENT

18. On or before August 8, 2014, without seeking or obtaining World Source's authorization, Defendant adopted and began using the R-Marks in United States commerce to identify its competing GROWERS SELECT line of coco liner products.

19. Defendant's unauthorized adoption and use of the identical R-Marks for its coco liner products, which are marketed to the same target consumers, is intended to trade on the goodwill and renown of World Source's R-Marks.

20. Defendant's unauthorized adoption and use of the R-Marks has and will continue to cause consumer confusion as to the source of the coco liner products, unfairly trading on the goodwill and renown of the R-Marks to market and sell its competing coco liner products, all to the detriment of World Source.

21. The following captures were taken from Defendant's website (http://www.bfgsupply.com/order-now/51/planter-liners), and exemplify several of Defendant's unauthorized and infringing uses of the R-Marks. For example, the first item, Defendant's Growers Select 10" Baske Shape Coco Liner, lists a Mfg # of R582 and an Item # of SSC R582, which impermissibly uses World Source's R582 mark—a mark used by World Source with respect to its Gardman 10" Basket Shaped Coco Liner. *Compare* **Exhibit B** (Gardman Product Catalogs).







**Growers Select 16" Wall Basket Coco Liner**
Item #: SSCR587
Mfg #: R587

Min Qty: 10
Total Available: 0
MSRP: $2.79


**Growers Select 24" Trough Coco Liner**
Item #: SSCR877
Mfg #: R877

Min Qty: 10
Total Available: 660
MSRP: $5.29
Log in for your pricing.


**Growers Select 36" Trough Coco Liner**
Item #: SSCR878
Mfg #: R878

Min Qty: 10
Total Available: 140
MSRP: $6.99
Log in for your pricing.


**Growers Select 30" Georgian Trough Liner**
Item #: SSCR879
Mfg #: R879

Min Qty: 5
Total Available: 710
MSRP: $5.99


**Growers Select 18" Basket Shape Coco Liner**
Item #: SSCR885
Mfg #: R885

Min Qty: 5
Total Available: 0
MSRP: $6.79


**Growers Select 18" Wall Basket Coco Liner**
Item #: SSCR886
Mfg #: R886

Min Qty: 5
Total Available: 250
MSRP: $5.49


**Growers Select 20" Basket Shape Coco Liner**
Item #: SSCR890
Mfg #: R890

Min Qty: 5
Total Available: 99
MSRP: $10.49


**Growers Select 20" Wall Basket Shape Coco Liner**
Item #: SSCR891
Mfg #: R891

Min Qty: 5
Total Available: 480
MSRP: $5.79


**Growers Select 48" Forge Trough Shaped Coco Liner**
Item #: SSCR894
Mfg #: R894

Min Qty: 6
Total Available: 48
MSRP: $14.99


**Growers Select 33"x24" Coco Liner Bulk Roll**
Item #: SSCR989
Mfg #: R989

Min Qty: 1
Total Available: 118
MSRP: $31.99



22. Defendant's unauthorized and infringing use of the R-Marks and the confusion caused by that use is further demonstrated by the fact that in addition to listing Defendant's own line of coco liner products on its website, Defendant also lists certain of World Source's coco liner products, with both lines of products being identified on the website through the use of World Source's R-Marks.  For example, when searching for the R-Mark "R583" within the planter liner section, Defendant's website returns two results:  (1) Defendant's Growers Select 12-inch basket shaped coco liner and (2) World Source's Gardman 12-inch basket shaped coco liner.  The following screen capture was taken from that search result (http://www.bfgsupply.com/order-now/51/planter-liners?searchTerm=r583), which shows both coco liner products side by side, with both utilizing World Source's R-Mark R583 as the Mfg # and within the Item #.

 

23. Defendant's product catalog, annexed hereto as **Exhibit C**, shows additional representative examples of Defendant's unauthorized and infringing use of the R-Marks.

24. On August 8, 2014, World Source notified Defendant by letter of World Source's objection to Defendant's use of the R-Marks. A true copy of that letter is annexed hereto as **Exhibit D**.

25. On information and belief, Defendant was aware of World Source and its R-Marks before it began making unauthorized and infringing use of the R-Marks in the United States.

26. On information and belief, Defendant adopted and is using the R-Marks in bad faith and with intent to profit from and trade on the goodwill associated with the R-Marks.

27. Defendant's use and threatened continued use of the R-Marks is likely to cause confusion, to cause mistake and to deceive as to the source, origin, or sponsorship of Defendant's products.

28. Defendant's use and threatened continued use of the R-Marks is likely to cause the public wrongly to associate World Source with Defendant, to believe that World Source is somehow affiliated or connected with Defendant, or to confuse Defendant and its goods with those of World Source.

29. Defendant's use and threatened continued use of the R-Marks constitutes a false designation of origin and a false description and representation of Defendant's business and services.

30. The conduct of Defendant is likely to injure World Source's business reputation and dilute the distinctive quality of its R-Marks.

31. Defendant's use and threatened continued use of the R-Marks has caused and threatens World Source with irreparable injury for which there is no adequate remedy at law.

32. Defendant's use and threatened continued use of the R-Marks have occurred in interstate commerce and have adversely affected World Source's interstate commerce.

**FIRST CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**IN VIOLATION OF 15 U.S.C. § 1125(a))**

33. Paragraphs 1-32, above, are realleged and reincorporated herein by reference as if set forth in full.

34. Defendant's use of the R-Marks constitutes false designation and unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

35. Defendant's use of the R-Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by World Source, or are associated or connected with World Source, or have the sponsorship, endorsement, or approval of World Source.

36. The aforesaid infringement by Defendant was committed willfully, knowingly, maliciously, and in conscious disregard of World Source's rights.

37. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to World Source's property and business, for which World Source has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER COMMON LAW)

38. Paragraphs 1-37, above, are realleged and incorporated herein by reference as if set forth in full.

39. The aforementioned acts of Defendant constitute unfair competition and unfair business practices contrary to the common laws of the United States and the State of New Jersey.

40. The aforesaid infringement by Defendant was committed willfully, knowingly, maliciously, and in conscious disregard of World Source's rights.

41. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to World Source's property and business, for which there is no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER N.J.S.A. §§ 56:4-1 *et seq.*)

42. Paragraphs 1-41, above, are realleged and incorporated herein by reference as if set forth in full.

43. Defendant's unauthorized use of the R-Marks designation constitutes acts of unfair competition through Defendant's appropriation for their own use of the name, brand, trademark, reputation, and goodwill of World Source in violation of N.J.S.A. §§ 56:4-1 *et seq.*

44. The aforesaid infringement by Defendant was committed willfully, knowingly, maliciously, and in conscious disregard of World Source's rights.

45. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to World Source's property and business, for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER COMMON LAW)

46. Paragraphs 1-45, above, are realleged and incorporated herein by reference as if set forth in full.

47. Defendant's use of the R-Marks, as described above, is unauthorized and is made in connection with goods or services that of substantially the same character as those protected by World Source's R-Marks.

48. Defendant is liable to World Source for trademark infringement under the common law.

## FIFTH CAUSE OF ACTION
### (UNFAIR AND DECEPTIVE ACTS AND PRACTICES UNDER COMMON LAW)

49. Paragraphs 1-48, above, are realleged and incorporated herein by reference as if set forth in full.

50. Defendant's unauthorized use of the R-Marks constitutes deceptive trade practice in violation of the common law.

51. The aforesaid infringement by Defendant was committed willfully, knowingly, maliciously, and in conscious disregard of World Source's rights.

52. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to World Source's property and business, for which World Source has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## (DILUTION UNDER FEDERAL LAW)

53. Paragraphs 1-52, above, are realleged and incorporated herein by reference as if set forth in full.

54. The R-Marks have been extensively and continuously promoted and used throughout the United States, and the marks have thereby become famous and well-known symbols and indicators of origin of World Source's goods and services.

55. Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of World Source's mark by eroding the public's exclusive identification of these famous marks with World Source, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

56. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated the R-Marks or  to cause dilution of the R-Marks to the great and irreparable injury of World Source.

57. Defendant has caused and will continue to cause irreparable injury to World Source's goodwill and business reputation, and dilution of the distinctiveness and value of the famous and distinctive R-Marks in violation of 15 U.S.C. § 1125(c).

## SEVENTH CAUSE OF ACTION
## (DILUTION AND INJURY TO BUSINESS REPUTATION
## UNDER NEW JERSEY STATE LAW)

58. Paragraphs 1-57, above, are realleged and incorporated herein by reference as if set forth in full.

59. Defendant is liable to World Source for injury to business reputation and dilution under New Jersey statute, N.J.S.A. § 56:3-13.20.

## EIGHTH CAUSE OF ACTION
## (UNJUST ENRICHMENT)

60. Paragraphs 1-59, above, are realleged and incorporated herein by reference as if set forth in full.

61. Defendant's actions have resulted in an economic benefit being conferred upon Defendant to which it is not entitled.

62. To permit Defendant to retain that economic benefit would result in an unjust enrichment at World Source's expense and detriment.

63. As a direct and proximate result of Defendant's conduct, it has been unjustly enriched and World Source has suffered damages in an amount in excess of $75,000.00, subject to proof at trial.

WHEREFORE, World Source prays that the Court:

(i) grant preliminary and permanent injunctions against Defendant's acts and threatened continued acts of trademark infringement, false designation of origin, unfair competition, dilution, unfair and deceptive trade practices, and unjust enrichment;

(ii) declare, adjudge, and decree that Defendant's use and threatened continued use of the R-Marks constitutes trademark infringement, false designation of origin, unfair competition, dilution, unfair and deceptive trade practices, and unjust enrichment;

(iii) award World Source compensatory damages as provided by law;

(iv) award World Source statutory damages as provided by law;

(v) award World Source punitive damages as provided by law;

(vi) award World Source its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vii) award World Source such other and further relief as the Court may deem just and proper.

Dated: October 22, 2014        **GIBBONS P.C.**

By: s/ Owen J. McKeon
Owen J. McKeon
J. Brugh Lower
One Gateway Center
Newark, New Jersey 07102-5310
Tel: 973-596-4500
Fax: 973-596-0545
omckeon@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiff*
*World Source Partners LLC*

#2129444
112697-88577